### Miles *et al. v.* Johnson.

ATKINSON, J. 1. The court did not err in admitting in evidence the deeds executed July 30, 1923, by heirs at law of James R. Courson to the plaintiff, over the objections (a) that they were irrelevant, and, "being quitclaim deeds, could not be a basis of title authorizing the plaintiff's recovery in said case;" (b) "that the suit was for the reformation of another deed, and the issue in the case was whether or not plaintiff had a right to correct the deed."

2. The remaining grounds of the motion for new trial are merely elaborative of the general grounds. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 5906. FEBRUARY 20, 1928.

Equitable petition. Before Judge Highsmith. Appling superior court. December 31, 1926.

James R. Courson became the purchaser of lot number 236 in

---

New trial, 29 Cyc. p. 832, n. 60.

the second district of Appling County, containing 490 acres, more or less. Subsequently he sold the east half of the lot and a strip off the north of the west half, containing 100 acres, thus leaving the south 145 acres of the west half of the lot undisposed of. In 1906 Courson died while in possession of this part of the lot. There were no debts and no administration upon the estate, but the land so left by him was disposed of by the heirs at law by sale of 85 acres, more or less, in the southern portion to Ida Courson, who afterwards became Ida Johnson, and the northern portion to E. A. Branch, another heir. Deeds were executed for the purpose of carrying into effect the sales so made, and were duly recorded, and each of the grantees went into possession of their respective tracts. Mrs. Branch conveyed her land to Mrs. J. J. Miles, describing it as it was described in her deed. The south and west original land-lot lines were intersected by Sweetwater Creek at such points as to cut off a small acreage in the southwest corner of the lot. Neither of the above deeds referred to the creek. On July 30, 1923, Mrs. Ida Johnson obtained a quitclaim deed from each of the other heirs, except Mrs. Branch, on the basis that the deed to her originally did not truly state the north line of her tract, and that the deed purported to designate a different north line and to include all of the southwest corner of the lot. On the same day Mrs. Johnson obtained a quitclaim deed from Mrs. Branch upon the same grounds. This deed differed slightly from that executed by the other heirs, but purported to convey "all said lot that lies south of said branch and west of Sweetwater Creek." On November 22, 1923, Mrs. Ida Johnson instituted an action against Mrs. J. J. Miles, J. J. Miles, and Dewitt Miles, seeking to reform the original deed from the heirs at law of James R. Courson to plaintiff, in so far as it related to the north or dividing line, and to have the land covered by the deed as reformed decreed to be the property of petitioner; and for damages for cutting the timber on said portion of land. The defendants filed an answer to the petition. The court withdrew from consideration of the jury the question of reformation of the plaintiff's deed, and submitted the case upon issues made by the pleadings. The jury returned a verdict in favor of the plaintiff for "the land south of the creek, and $50 damages." Defendants' motion for new trial was overruled, and they excepted.

*Wade H. Watson,* for plaintiffs in error. *H. J. Lawrence,* contra.